IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CRIMINAL NO.: 16-00040-KD |
| | * | |
| CLARENCE EDWARD EVERS, JR., | * | |
| | * | |
| Defendant. | * | |

**PRETRIAL CONFERENCE ORDER**

This matter is before the court on consideration of Defendant's motion to continue the trial setting that was filed and argued during the pretrial conference on August 9, 2016 (Doc. 31), to which the Government does not object. Upon consideration of the grounds presented and the Court's record, it is determined that neither the defendant nor the United States will be unduly prejudiced by a continuance into the February 2017 criminal term; therefore, the Defendant's motion is **GRANTED** and the trial is **CONTINUED.**  Jury selection is **rescheduled for Monday**, **January 30, 2017**.

The Court further finds, pursuant to 18 U.S.C.§ 3161(h)(7)(A), that "the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial."  The reasoning for this decision is as follows.  Mr. Evers was indicted on February 24, 2016. (Doc. 15).  The numerous charges include traveling with the intent to engage in illicit sexual conduct (six counts), production of child pornography, transportation of child pornography, receipt of child pornography, access with intent to view child pornography and possession of child pornography. After arraignment on March 2, 2016 (Doc. 20), the parties jointly moved for a trial setting in September 2016 mainly because of the volume and character of the electronic discovery.  Magistrate Judge Nelson granted the request of the parties finding

1

that because of the volume of discovery, defendant's detention and his need to be intimately involved in reviewing the discovery produced by the United States, a continuance of 120 days was justified. (Doc. 27).

Even though the parties have had since April to complete discovery, that process has not been completed and more time is needed to complete the review of a massive amount of data including 7 hard drives, containing 24 terabytes of data (compressed), and 60-70 devices, including computers, thumb drives and hard drives. The issue of when to establish a new trial date becomes more complicated by Mr. Knizley's involvement in a case scheduled for trial on October 27, 2016 that is estimated to last from 6 to 8 weeks – U.S. v. Xiulu Ruan. The Ruan case involves complex issues arguably concerning health care fraud, wire fraud, mail fraud, kick-back schemes and the attempted forfeiture of millions.

Clearly, both the Government and the defendant need more time to consider the potential evidence in this case and to prepare for trial. Under the circumstances, it is reasonable to grant more time for the Government to meet its discovery obligations and for both parties to prepare for trial.[1] Counsel has proffered valid reasons for a lengthy extension of the pretrial preparation period in order to complete the discovery process, to consider a reasonable settlement of the charges or to otherwise prepare for trial. See 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.")

---

[1] Based on the comments of Mr. Knizley and AUSA Sean Costello, it appeared to the undersigned that this was a joint request.

To ensure and document that the Defendant agrees with this second lengthy continuance, he shall file a waiver of his Speedy Trial rights not later than **August 23, 2013**.[2] The Clerk of the Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

DONE AND ORDERED this 9th day of August, 2016.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The waiver shall include language which reflects that (A) counsel has discussed the reasons for seeking a continuance with Defendant; (B) Defendant understands that the time requested in the motion to continue the trial of this matter will be excluded from any calculations of time under the Speedy Trial Act; and (C) with this understanding and knowledge, Defendant agrees to a continuance of this action to the February 2017 criminal trial term.