FILED IN OPEN COURT

APR 14 2017

CHARLES R. DIARD, JR.
CLERK

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )     CRIMINAL NO. 16-00040-KD |
| | ) |
| CLARENCE EDWARD EVERS, JR., | ) |
| aka BUD EVERS | ) |

## PLEA AGREEMENT

The defendant, **CLARENCE EDWARD EVERS, JR.,** represented by his counsel, and

the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of

the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.    The defendant understands his rights as follows:

    a.    To be represented by an attorney;

    b.    To plead not guilty;

    c.    To have a trial by an impartial jury;

    d.    To confront and cross-examine witnesses and to call witnesses and

        produce other evidence in his defense; and

    e.    To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.    The defendant waives rights b through e, listed above, and pleads guilty to Counts

**Five** of the Indictment, charging a violation of Title 18, United States Code,

Section 2423(b), Travel with Intent to Engage in Illicit Sexual Conduct; Count

Rev. 8/13

**Seven,** charging a violation of 18, United States Code, Section 2251(c), Production of Child Pornography; and Count **Eleven**, charging a violation of 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

3.    The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.    The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.    The defendant is not under the influence of alcohol, drugs, or narcotics.  He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.    The defendant has had the benefit of legal counsel in negotiating this Plea Agreement.  He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him.  The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offenses.

7.    The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt.  The defendant and his counsel have discussed possible defenses to the charges.  The

defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8. Defendant recognizes that pleading guilty may have consequences with respect to immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9. A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

10. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the

particular sentence that the Court will impose. The defendant is pleading guilty because he is guilty.

11.     The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

12.     The maximum penalty the Court could impose as to Count **Five** of the Indictment is:

a.     30 years imprisonment;

b.     A fine not to exceed $250,000;

c.     A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d.     A mandatory special assessment of $100.00; and

e.     Such restitution as may be ordered by the Court.

13.     The maximum penalty the Court could impose as to Count **Seven** of the Indictment is:

Rev. 8/13

    a.     30 years imprisonment with a 15 year minimum mandatory term of imprisonment;

    b.     A fine not to exceed $250,000;

    c.     A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.     A mandatory special assessment of $100.00; and

    e.     Such restitution as may be ordered by the Court.

14.    The maximum penalty the Court could impose as to Count **Eleven** of the Indictment is:

    a.     20 years imprisonment;

    b.     A fine not to exceed $250,000;

    c.     A term of supervised release of five (5) years to LIFE, which would follow any term of imprisonment.  If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.     A mandatory special assessment of $100.00; and

    e.     Such restitution as may be ordered by the Court.

## SENTENCING

15.    The Court will impose the sentence in this case.  The United States Sentencing
Guidelines are advisory and do not bind the Court.  The defendant has reviewed
the application of the Guidelines with his attorney and understands that no one
can predict with certainty what the sentencing range will be in this case until after
a pre-sentence investigation has been completed and the Court has ruled on the
results of that investigation.  The defendant understands that at sentencing, the
Court may not necessarily sentence the defendant in accordance with the
Guidelines.  The defendant understands that he will not be allowed to withdraw
his guilty plea if the advisory guideline range is higher than expected, or if the
Court departs or varies from the advisory guideline range.

16.    The defendant understands that this Plea Agreement does not create any right to
be sentenced in accordance with the Sentencing Guidelines, or below or within
any particular guideline range, and fully understands that determination of the
sentencing range or guideline level, or the actual sentence imposed, is solely at
the discretion of the Court.

17.    The United States will provide all relevant sentencing information to the
Probation Office for purposes of the pre-sentence investigation.  Relevant
sentencing information includes, but is not limited to, all facts and circumstances
of this case and information concerning the defendant's conduct and background.

18.    Both the defendant and the United States are free to allocute fully at the time of
sentencing.

Rev 8/13

19.     The defendant agrees to tender $300.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case.  The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## SEX OFFENDER REGISTRATION

20.     The defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act.  The defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is an employee, or is a student.  The defendant further agrees that for initial registration purposes only, the defendant is required to also register in the jurisdiction in which the defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

## RESTITUTION

21.     Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory.  The defendant agrees to pay restitution in the amount of $25,000.00 to the minor victim W.P. of the Kingdom of Thailand, and further agrees to pay $25,000.00 to the Anti-Human Trafficking and Child Abuse Center (ATCC) in Chonburi, Thailand, with the manner and circumstances of the distribution of such payments to be determined by the United States.

Rev. 8/13

## FORFEITURE

22.    The defendant agrees to confess the forfeiture to the United States of all

properties which represent proceeds of his criminal activities or which facilitated

any aspect of these illegal activities as determined by the Court at sentencing.

## FINANCIAL OBLIGATIONS

23.    The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit

report in order to evaluate the defendant's ability to satisfy any financial

obligation imposed by the Court. In order to facilitate the collection of financial

obligations to be imposed in connection with this prosecution, the defendant

agrees to disclose fully all assets in which the defendant has any interest or over

which the defendant exercises control, directly or indirectly, including those held

by a spouse, nominee or other third party.

## UNITED STATES' OBLIGATIONS

24.    The United States will not bring any additional charges against the defendant

related to the facts underlying the Indictment and will not pursue additional

charges against the defendant in connection with this matter.  This agreement is

limited to the United States Attorney's Office for the Southern District of

Alabama and does not bind any other federal, state, or local prosecuting

authorities.

8

Rev. 8/15

25.    The United States will recommend to the Court that the defendant be sentenced within the advisory sentencing guideline range as determined by the Court subject to the minimum mandatory sentence, and will move to dismiss any remaining counts of the indictment.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

26.    As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a.    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

   (1)    any sentence imposed in excess of the statutory maximum;

   (2)    any sentence which constitutes an upward departure or variance from the advisory guideline range.

   The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

27.    If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

9

28.     The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

29.     If the defendant receives a sentence within or below the advisory guideline range, subject to the minimum mandatory sentence, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

30.     The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant.  In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge.  In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

31.     In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

## ENTIRETY OF AGREEMENT

32. This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
STEVE BUTLER
ACTING UNITED STATES ATTORNEY

Date: April 12, 2017

Sean P. Costello
Assistant United States Attorney

Date: 4/12/17

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 4/13/17

CLARENCE EDWARD EVERS
Defendant

Rev. 8/13

11

I am the attorney for the defendant.  I have fully explained his rights to him with respect to the offenses charged in the Indictment in this matter.  I have carefully reviewed every part of this Plea Agreement with him.  To my knowledge, his decision to enter into this agreement is an informed and voluntary one.  I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 4/13/17

DENNIS KNIZLEY
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 16-00040-KD** |
| | ) | |
| **CLARENCE EDWARD EVERS, JR.,** | ) | |
| **aka BUD EVERS** | ) | |

### FACTUAL RESUME

The defendant, **CLARENCE EDWARD EVERS, JR.,** admits the allegations of Counts

**FIVE, SEVEN, and ELEVEN** of the Indictment.

### ELEMENTS OF THE OFFENSE

**CLARENCE EDWARD EVERS, JR.,** understands that in order to prove a violation of

Title 18, United States Code, Section 2423(b), as charged in Count **FIVE** of the Indictment, the

United States must prove:

| | |
|---|---|
| First: | the Defendant was a citizen of the United States; |
| Second: | the Defendant traveled in foreign commerce; |
| Third: | the Defendant traveled for the purpose of engaging in illicit sexual conduct.[1] |

**CLARENCE EDWARD EVERS, JR.,** understands that in order to prove a violation of

Title 18, United States Code, Section 2251(c), as charged in Count **SEVEN** of the Indictment,

the United States must prove:

---

[1] 11th Cir. Pattern Instruction 93.2.

Rev. R'13

| First: | an actual minor, that is, a real person who was less than 18 years old, was depicted; |
|---|---|
| Second: | the Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., a photo of the conduct; |
| Third: | the Defendant transported the visual depiction, e.g., photo, to the United States, its territories, or its possessions.[2] |

**CLARENCE EDWARD EVERS, JR.,** understands that in order to prove a violation of Title 18, United States Code, Section 2252A(a)(5)(B), as charged in Count **ELEVEN** of the Indictment, the United States must prove:

| First: | the Defendant knowingly possessed an item or items of child pornography; |
|---|---|
| Second: | the items of child pornography had been transported, shipped, or mailed in interstate or foreign commerce, including by computer; and |
| Third: | when the Defendant possessed the items, the Defendant believed the items were child pornography.[3] |

## OFFENSE CONDUCT

Defendant, **CLARENCE EDWARD EVERS, JR.,** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **CLARENCE EDWARD EVERS, JR.'S** plea of guilty. The statement of facts does not contain each and every fact known to **CLARENCE EDWARD EVERS, JR.** and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

---

[2] Adapted from 11th Cir. Pattern Instruction 82.
[3] 11th Cir. Pattern Instruction 83.4A.

In December 2014, Homeland Security Investigations, (HSI) Attaché Bangkok received information from a source of information located in Pattaya, Chonburi Province, Thailand regarding the sexual abuse of a minor victim by a Western male. The Western male was subsequently identified as **CLARENCE EDWARD EVERS, JR., aka BUD EVERS.**

On or about January 27, 2015, a forensic interview took place between a Forensic Interview Specialist and a 15-year old boy, W.P. The interview was recorded on video. During this interview the boy described and detailed the approximate dates and nature of sexual contacts **EVERS** engaged in with him and at least one other boy, and identified **EVERS**, whom the victim knows as "Buddy," in a photo lineup. According to the victim W.P., **EVERS** engaged in oral sex with W.P. in Trat, Thailand during the summer of 2014. The sex acts took place in a house that **EVERS** was staying in. At the time, the victim was fifteen years old. The victim also reported that he watched **EVERS** engage in oral and anal sex with another boy, and that **EVERS** took photographs of the victim and other boy as they touched each other sexually at **EVERS's** direction. **EVERS** paid the victim seven hundred Thai Baht (equivalent to approximately 22 dollars in June of 2014). The victim reported that **EVERS** had engaged in similar activities with him when he was as young as 13 years old.

The victim W.P. reported that he knew **EVERS** as "Buddy" and as a school teacher in the United States. He also provided copies of Facebook messages **EVERS** had exchanged with him. W.P. reported that "Khun Buddy" is the screen name the Western male utilized via Facebook to contact the victim. A summons was subsequently issued to Facebook requesting account information for the "Khun Buddy" Facebook account. The email addresses registered to the "Khun Buddy" Facebook account are "khunbuddy@facebook.com" and

"cedwardevers@gmail.com". HSI conducted a search of the most common Internet Protocol addresses used to log in to this Facebook account during December 2014. The most common IP address, "216.109.9.130", resolved to the Conecuh County School System in Alabama. Based on the victim's information and Facebook data, agents identified "Buddy" as **EVERS**.

A search of **EVERS's** email and online storage accounts revealed communications concerning lodging arrangements, taxi service, flight reservations, visa applications, bank transfers, packing lists, and detailed lists of photographic and videographic equipment to bring to Thailand. In July, 2015, agents received data from **EVERS's** Google accounts pursuant to a search warrant. The return from **EVERS's** Gmail account includes a section/file named "KHUNBUD.Drive.Content". The files returned are files stored by the user in the Google Drive service. Google Drive is a file storage and synchronization service that allows users to store files in the cloud, synchronize files across devices, and share files. In the Khunbud Google Drive is a file titled "Photo Sets.docx" dated June 5, 2014 that details specific poses for photographs. Among other things, the document lists, "shirt tail in mouth, u-wear tugged down", "peeks (w. speedo pulled down/away)", "gimme a 'W': FD, pillw, grasping ankles, spread" , "from rear, ben dover, hands on bed, ready to rcv", "taking off uwear, lower legs w/ uwear around knees/feet" and "oiled, fcdown like hogtied, hands holding ankles, from rear & side". The Google account khunbud@gmail.com Google Drive also contains a document titled "TH2015.docx". In this document, dated August 3, 2014, **EVERS** made notes to himself for his planned 2015 trip to Thailand, and included notations about photographic and video equipment. Under the category of "PACKING (includes items worn on trip)" **EVERS** listed items of clothing, computer equipment, a portable WiFi hotspot, and "5d w/IS lens+ 1.4, flash, flash

4

triggers, large video light". The term "5d" refers to a Canon EOS digital camera, which is available in a model 5D and is capable of mounting an image-stabilizing (IS) lens. A "flash trigger" is a device that connects to a camera and activates a remote flash system. Under the heading "LEFT BEHIND/NO NEED TO PACK," **EVERS** lists, "red swimsuit, plenty of towels, battery charger, power splitter, video camera + lights". The entries under "TO DO PRIOR TO DEPART" are "check flight times, reset camera numbering, set camera date/time". Under "BUY IN BKK"[4] are the notes, "flash stand, back waxing, new long-term phone number".

A search warrant was executed at **EVERS's** residence on April 1, 2015. Recovered in that search were a significant number of computer systems, hard drives, and loose digital media storage devices, along with travel records, passports, financial records, and photographs of young Thai males. Forensic examination of the digital evidence shows that substantial portions of the data are encrypted and inaccessible to investigators, but unencrypted data shows that **EVERS** accessed and downloaded images of child pornography and images of child erotica with young male victims, and a substantial amount of digital photographs of young Thai boys in various states of undress. Specifically, with respect to Count Eleven, agents recovered a 250GB Seagate drive from an Ultra mini portable hard drive enclosure. On that drive, forensic analysis revealed 7 videos of boys under the age of 18 engaged in sexual activity found in the folder "C:/Recycled". These files located in the recycle bin were previously named: "E:\Divx\In\Andr_part.wmv", "E:\Divx\In\Bibcam Fred 13 Jo Cum So Cute.avi", "E:\Divx\In\Boner0170(TH).mpg", "E:\Divx\In\Boner0174F.mpg", "E:\Divx\In\boy_8yo_12_15_very_good_no2.mpg", "E:\Divx\In\boyorgi2.mpg", and

---

[4] BKK is the code for the airport in Bangkok, Thailand.

"E:\Divx\In\(1Gen).mpg." Agents also seized from **EVERS's** home a 320GB Western Digital hard drive; serial number WCAPD2754750. Forensic analysis of that drive recovered approximately 240 images extracted from the Windows thumbnail cache file located at "\Users\BE-Win7\AppData\Local\Microsoft\Windows\Explorer\ thumbcache_256.db." These images include images of minors engaged in sexually explicit conduct. Also recovered was the Firefox web cache located under the folder "\users\BE-Win7\AppData\Local\Mozilla\Firefox\Profiles\ febeprof.be\Cache\" which includes 42 images of minors engaged in sexually explicit conduct. All the files were downloaded from the website imgsrc.ru. Also recovered were images from unallocated space on the drive of numerous images of minors engaged in sexually explicit conduct. A review of the images recovered from unallocated space identified a large number of images that appear to depict the same location based upon the furniture, bedding, and individuals depicted in each image. Some of these images contain a blue blanket with a distinctive pattern. A video file identified on the 250GB Seagate external disk drive from the Ultra mini portable hard drive enclosure, serial number 3ND0QC34, contains a video file named "MVI_4615.MOV," and discussed further below, that includes a video segment where the same or similar blanket is visible. Other images recovered from unallocated space show **EVERS** in various locations in Thailand. Three of the images show **EVERS**, clothed, lying or sitting on a bed. Forty-six images of **EVERS** were found, along with the file attributes for the recovered files, including file size and the physical location from which the file were recovered.

Forensic analysis of the evidence also revealed a high-definition video produced by **EVERS** on approximately July 1, 2014. In the video, **EVERS** shows and describes the house he

6

is staying in in Thailand. Visible in the video is a bed next to a black chair with silver legs, and a wooden bench and table. Behind the furniture is the wall with a distinctive pattern of tan wallcoverings. On a Secure Digital (SD) storage card, investigators located data consistent with its use in a digital camera. The SD card contains a folder named "DCIM." DCIM is a common acronym for Digital Camera Images, and is used by Canon Corporation as the name of the folder used to store digital photos. The folder named "100EOS5D" is consistent with default naming patterns of a Canon EOS 5D digital SLR camera. The folder contains entries for 439 JPG digital images and 64 Canon large Raw images in CR2 format. The images on this SD card are deleted, but information about the files that previously existed still exists, including file name, file path, logical size, creation date, and last modified date. The files were created between July 22 and July 25, 2014. Forensic agents recovered one thumbnail preview image from the SD card that depicts two individuals. One individual is sitting on a bed, and the other, a Thai boy under the age of 18, is naked and masturbating next to the bed. He is seated on a black chair with silver legs next to a wooden bench and table in front of a wall with the same distinctive wallcoverings seen in the video **EVERS** filmed in Thailand in 2014.

During the search on April 1, agents recovered a Canon EOS 5D digital SLR camera from **EVERS's** home.

In emails with two other men, **EVERS** used coded language to discuss engaging in commercial sex acts with boys under 18 in Thailand. The discussions spanned years, and detailed liaisons and assignations with boys from various bars and clubs, and updates on law enforcement activity in various neighborhoods and bars. **EVERS** also used email to plan trips to Thailand where he would sometimes meet the other two men, and he also coordinated travel itineraries

Rev. 8-15

and made hotel, condo, and taxi reservations in Thailand. A review of **EVERS's** international

travel showed that he visited Thailand annually, and that he made trips to Thailand on the

following dates:

- 29 May 2010, arrival in Thailand

- 01 August 2010, departure from Thailand

- 02 June 2011, arrival in Thailand

- 30 July 2011, departure from Thailand

- 27 May 2012, arrival in Thailand

- 25 July 2012, departure from Thailand

- 29 May 2013, arrival in Thailand

- 29 July 2013, departure from Thailand

- 07 June 2014, arrival in Thailand

- 29 July 2014, departure from Thailand

In each of these trips in foreign commerce, **EVERS**, a citizen of the United States,

travelled using his U.S. passport, which was found during the April 1, 2015 search of his home.

In addition, records show **EVERS** made additional trips to Thailand as early as 1999. During the

trip **EVERS** made to Thailand in the summer of 2014, one of the purposes of his travel from his

home in the Southern District of Alabama to Thailand was to engage in commercial sex acts with

individuals under the age of 18, and sexual acts with a person who was under 16 years of age and

at least four years younger than him, including W.P.


AGREED TO AND SIGNED.

8

STEVE BUTLER
ACTING UNITED STATES ATTORNEY

Date: __April 12, 2017__

Sean P. Costello
Assistant United States Attorney

Date: 4/12/17

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

Date: 4/13/17

CLARENCE EDWARD EVERS, JR.

Date: 4/13/17

DENNIS KNIZLEY
Attorney for Defendant

Rev. 8/13

9