IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-00040-KD |
| | ) |
| CLARENCE EDWARD EVERS, JR., | ) |
| aka BUD EVERS | ) |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS**

Comes now the United States of America and states its position with respect to the sentencing facts and factors set forth in the Presentence Report (rev. June 26, 2017):

1. **¶¶ 18, 27, 34, 44, 51-53, 64, 78-79:** As reflected in the United States' motion for an order restraining the defendant from dissipating his assets, which motion was granted, *see* Temporary Restraining Order (ECF No. 68) & Order of June 29, 2017 (ECF. No. 70), the United States is very concerned that the defendant may have taken, and/or may take in the future, action to dissipate his assets and thus avoid paying both the $50,000 in restitution that he expressly agreed to pay in his Plea Agreement (*see* ECF No. 62, ¶ 21) and any fine that the Court may order at sentencing (*see* ECF No. 62, ¶¶ 12-14). The United States is also very concerned that the defendant concealed information from Probation concerning the extent of his assets, in contravention of the Plea Agreement (*see* ECF No. 62, ¶ 23).

The revised PSR first states that the defendant "*plans* to transfer the mortgage [on his home] to [his parents] in order for the home to be sold" (emphasis added), ¶ 64, then states that "any previously owned assets *have been transferred* to his parents . . . in order for them to sell said properties to re-coop their money" (emphasis added). ¶ 78. The revised PSR also states that

1

the defendant "does not possess the current ability to pay a fine within the guidelines, in addition to making restitution." ¶ 79.

It is currently unclear whether the defendant will fulfill his restitution obligation and satisfy any fine that may be ordered in this case: At the defendant's request, the hearing that was scheduled for June 29, 2017, to address these issues was postponed. *See* Order of June 29, 2017 (ECF No. 70).

The payment of restitution is a critical component of the parties' Plea Agreement. The Plea Agreement also provides that "the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant," in the event of a breach by the defendant. *See* ECF No. 62, ¶ 30. The Government is therefore considering all options available to it, including but not limited to (a) opposing a reduction for acceptance of responsibility as currently proposed in PSR ¶¶ 51-52, and (b) seeking enhancements for obstruction of justice (*see* PSR ¶¶ 18, 27, 34, 44).

2. **Pg. 2 (unnumbered para.) & ¶ 80:** The maximum penalty for Count 11 (possession of child pornography) is 20 years, not 10 years, because the images involved children under 12. *See* 18 U.S.C. § 2252A(b)(2);[1] Plea Agreement ¶ 14.a (recognizing that the maximum sentence for this count is 20 years). The United States may introduce representative images and/or present testimony from the case agent and/or forensic examiners who recovered these images.

3. The United States otherwise agrees with the calculations and factors set forth in the revised PSR.

---

[1] The citation in ¶ 80 of the revised PSR should be "§ 2252A(b)(2)," not "§ 2252A(a)(5)(b)(2)."

        Respectfully submitted,
        STEVE BUTLER
        ACTING UNITED STATES ATTORNEY


        /s/ Sean P. Costello_____
        Sean P. Costello
        Assistant United States Attorney


        /s/ Maria E. Murphy_____
        Maria E. Murphy
        Assistant United States Attorney
        United States Attorney's Office
        63 South Royal Street, Suite 600
        Mobile, AL 36602


        /s/ Jessica L. Urban_____
        Jessica L. Urban
        Trial Attorney
        Child Exploitation & Obscenity Section
        U.S. Department of Justice
        1400 New York Ave. NW
        Washington, DC 20005

## **CERTIFICATE OF CONFERRAL**

I certify that the United States has conferred with opposing counsel and the Probation Office in a good faith effort to resolve any disputed matters.

        /s/ Jessica L. Urban_____
        Jessica L. Urban
        Trial Attorney

## **CERTIFICATE OF SERVICE**

      I certify that I have filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically serves a copy of the same upon counsel for the defendant, this the 30th day of June, 2017.

                                     /s/ Jessica L. Urban_____
                                     Jessica L. Urban
                                     Trial Attorney